J-S67016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUTHER S. RYALS, JR., | |
| Appellant | No. 1321 EDA 2016 |

Appeal from the PCRA Order March 31, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001198-2009

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:　　　　　　　　**FILED OCTOBER 11, 2016**

Luther S. Ryals, Jr. appeals *pro se* from the order entered March 31, 2016, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  We affirm.

In September 2008, Appellant sold 1.86 ounces of cocaine to a confidential informant, whereupon he was arrested and charged by the police.  In July 2010, a jury convicted Appellant of possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of paraphernalia.[1]  The trial court sentenced Appellant to an aggregate sentence of eight and one-half to twenty years' incarceration.

------------------------------

[1] **See** 35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(32), respectively.

* Former Justice specially assigned to the Superior Court.

Appellant timely appealed. On August 31, 2011, this Court affirmed the judgement of sentence. *See Commonwealth v. Ryals*, 32 A.3d 848 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

In September 2011, Appellant filed his first petition for collateral relief. The PCRA court dismissed the petition in January 2012. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *Commonwealth v. Ryals*, 62 A.3d 460 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 65 A.3d 414 (Pa. 2013).

In May 2015, Appellant *pro se* filed the instant PCRA petition. Counsel was appointed but filed a *Turner*/*Finley* "no merit" letter[2] and sought leave to withdraw his representation. In February 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition and granted counsel leave to withdraw. Appellant did not file a response thereto. In April 2016, the PCRA court dismissed Appellant's petition as untimely.

Appellant *pro se* appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. In response, the PCRA court issued a statement directing our attention to its previous Rule 907 notice to Appellant, explaining its decision.

Appellant raises the following issues, restated for clarity:

_____

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

> 1. Whether the PCRA court erred in failing to grant Appellant relief, when the sentencing court imposed an illegal sentence, well in excess of the statutory guidelines;
>
> 2. Whether the PCRA court erred in failing to grant Appellant relief, when the sentencing court imposed a mandatory sentence now deemed unconstitutional and illegal; and
>
> 3. Whether the PCRA court erred in failing to determine that Appellant qualified for the Recidivism Risk Reduction Incentive (RRRI) program.

*See* Appellant's Brief at 5.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 04/04/2016, at 1 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

- 3 -

Preliminarily, however, we must address the timeliness of Appellant's petition, as it implicates our jurisdiction. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. ***Id.*** There are three statutory exceptions:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on September 30, 2011. ***See*** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment [of sentence] becomes final at the conclusion of direct review … or at the expiration of

time for seeking the review."); Pa.R.A.P. 1113 (providing an Appellant thirty days to file a petition for allowance of appeal with the Pennsylvania Supreme Court). Thus, Appellant had until October 1, 2012, to file a timely PCRA petition, making his May 2015 petition patently untimely.

Nevertheless, Appellant suggests that his petition satisfies the exception provided in Section 9545(b)(1)(iii). **See generally** Appellant's Brief at 12-16. According to Appellant, the sentence imposed upon him is illegal pursuant to a newly recognized constitutional rule. **Id.** at 12-15 (citing in support **Alleyne v. U.S.**, 133 S. Ct. 2151, 2155 (2013) (concluding that "[a]ny fact that … increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt")). Appellant further suggests this new rule must be applied retroactively, thus entitling him to collateral relief. **Id.** at 16 (citing in support **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016)).

Appellant's reliance upon **Montgomery** to establish the retroactive applicability of **Alleyne** is misplaced. In **Montgomery**, the United States Supreme Court recognized that state collateral review courts must give retroactive effect to a new, *substantive* rule of constitutional law. **Montgomery**, 136 S. Ct. at 729. However, the Pennsylvania Supreme Court has recently determined that the rule announce in **Alleyne** was neither substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review. **Commonwealth**

*v. Washington*, --- A.3d ---, at \*8 (Pa. 2016), *see also Commonwealth*

*v. Riggle*, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same).

In summary, Appellant's petition was patently untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Accordingly, the PCRA court did not have jurisdiction to review the merits of Appellant's claims and properly dismissed his petition.[3]

Application to Amend denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016

---

[3] Appellant filed an application to amend his appellate brief, citing in support *Commonwealth v. Ciccone*, --- A.3d --- (Pa. Super. 2016). The Court has withdrawn this decision; thus, it offers Appellant no relief. *See* Order of Court, 3114 EDA 2014, 08/11/2016.